UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JARVIS T. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA STATE PRISON, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-894-JD-MGG |

OPINION AND ORDER

Jarvis T. Jackson, a prisoner without a lawyer, filed a complaint regarding the medical care he has received while housed at Indiana State Prison. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jackson alleges that, since October 2021, he has been complaining about headaches, stomach pain, sweating, unusual stool, and smelling like feces no matter how often he showers. Inmates and correctional staff have complained about his odor, but he has been told that there is nothing wrong with him. His complaint contains few details regarding his symptoms or the treatment he has received. Attachments included

with the complaint indicate Jackson was seen by Nurse Tiffany sometime before March 24, 2022, and he felt judged during the meeting. Attachments included with the complaint also indicate he was seen by Nurse Practitioner Todd Wolfword on April 13, 2022. Nurse Wolfword did not think Jackson's reported symptoms added up. Jackson requested a colonoscopy, and Nurse Wolfword allegedly got "smart" with him. Jackson asked Nurse Wolfword to talk to him with some respect, and Nurse Wolfword kicked Jackson out of his office. RN Fritter was not present for the meeting, but in response to a grievance Jackson filed against Nurse Wolfword, she stated that Jackson raised his voice.

Jackson alleges that Joshua Wallen has mishandled grievances regarding his medical care and prevented Jackson from completing the grievance process. Jackson has complained to Buss in writing, but she has not taken action based on his complaints. Jackson claims his situation is getting worse, but he does not describe how his symptoms have changed. Jackson is suing ten defendants: Indiana State Prison, Mrs. Buss, Ron Neal, Joshua Wallen, Todd Wolfword, Tiffany, Mrs. Fritter, Karen, Tanya, Faye.

As an initial matter, Jackson cannot proceed against Indiana State Prison. He cannot sue Indiana State Prison because it is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical

need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted).

Jackson references a meeting with Nurse Tiffany where he felt judged, but he provides no details whatsoever about the conversation that took place between them. It cannot be plausibly inferred from his comment that he felt judged that Nurse Tiffany was deliberately indifferent to his medical situation.

Jackson describes a single brief encounter with Nurse Wolfword, where Wolfword thought Jackson's symptoms didn't add up, Jackson asked for a colonoscopy, the conversation deteriorated, and Wolfword asked Jackson to leave. It cannot be plausibly inferred from the allegations in the complaint that Nurse Wolfword was deliberately indifferent to Jackson's medical needs.

Jackson has also sued Mrs. Buss and Ron Neal, but he does not allege they were personally involved in his medical care. He alleges only that he wrote Mrs. Buss, and she took no action to ensure he received care. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).

Jackson has sued Mrs. Fritter. He alleges only that she responded to a grievance Jackson filed against Nurse Wolfword, and her response incorrectly indicated that Jackson raised his voice. This statement does not amount to a constitutional violation.

Jackson has sued Karen, Tanya, and Faye but, other than listing them as defendants, the complaint does not mention them. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

Finally, Jackson has sued Joshua Wallen. Jackson asserts that Wallen has mishandled his grievances. Jackson has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

This complaint is short on facts, dates, and specifics, and it does not state a claim for which relief can be granted. If Jackson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jarvis T. Jackson until **January 17, 2023**, to file an amended complaint; and

(2) CAUTIONS Jarvis T. Jackson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 19, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT